IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KYLIE BROWN, *et al.*, </br>     Plaintiffs, </br> </br> v. </br> </br> YARING'S OF TEXAS, INC., </br>     Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | </br> </br> </br> CIVIL ACTION: 1:21-00355-KD-C |
| YARING'S OF TEXAS, INC., </br>     Third-Party Plaintiff/ </br>     Counter Defendant, </br> </br> v. </br> </br> ATLANTIC SPECIALTY INS. CO., </br>     Third-Party Defendant/ </br>     Counter Claimant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | </br> </br> </br> </br> </br> CIVIL ACTION: 1:21-00355-KD-C |

**ORDER**

This matter is before the Court on Atlantic Specialty Insurance Company (ASIC)'s Fed.R.Civ.P. Rule 50(b) renewed motion for judgment as a matter of law (Docs. 169, 170).

For trial purposes, the claims in this action were bifurcated as follows: 1) the breach of contract claim by Yaring's of Texas, Inc. (Yaring's) against ASIC related to the insurance policy ASIC issued to Yaring's; and 2) the Plaintiffs' personal injury claims against Yaring's. On January 10, 2023, following a jury trial solely on the insurance dispute in the case, a jury returned a verdict in favor of Yaring's and against ASIC, on the breach of contract claim. ASIC moved for judgment as a matter of law at the close of Yaring's case (Doc. 152), and at the close of all the evidence (Doc. 154). The motions were denied for reasons stated on the record. (Docs. 155, 156). Following the jury trial, no judgment issued because the breach of contract claims and personal

1

injury claims were bifurcated and the January 2023 trial litigated *only* the insurance dispute between Yaring's and ASIC. Trial of the personal injury claims is scheduled for a later date.

At issue is ASIC's renewed motion for judgment as a matter of law based on Rule 50(b). Rule 50(b) provides as follows:

> [i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed.R.Civ.P. Rule 50(b) (emphasis added). "[A]ny renewal of a motion for judgment as a matter of law under Rule 50(b) must be based on the same grounds as the original request for judgment as a matter of law prior to the case being submitted to the jury." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). Due to the bifurcated nature of this action, no judgment issued after the jury trial on the insurance dispute. There has only been a jury verdict issued on that bifurcated claim. The personal injury claims remain. Thus, the 28 day timeframe has not commenced under Rule 50(b).

The undersigned has found no Eleventh Circuit case directly on point for a case with this particular procedural posture -- a bifurcated action with a jury verdict rendered on some but not all claims, with no judgment issued (whether final or partial under Rule 54(b)), with claims remaining for trial, and for which a party argues that the jury got it wrong.[1] However, as noted in Chaney,

---

[1] *Other* courts have addressed this more specifically. See e.g., Association of Frigidaire Model Makers v. General Motors Corp., 1995 WL 141344 (6th Cir. 1995) ("[a] jury finding of liability is not a final judgment for the purposes of ... 50(b)[] ... [a] judgment in a bifurcated proceeding is not final until both liability and damages have been fully resolved. Brown v. United States Postal Serv., 860 F.2d 884, 886 (9th Cir.1988) (concluding that '[a] district court judgment of liability is not a final judgment where it

2

483 F.3d at 1227-1228 (emphasis added), a party may renew its motion for judgment as a matter of law "after the jury has returned its verdict[]" without reference to the need for a judgment first:

> .... Under Rule 50, **"[a] party's motion for judgment as a matter of law can be granted** at the close of evidence or, if timely renewed, **after the jury has returned its verdict,** as long as 'there is no legally sufficient evidentiary basis for a reasonable jury to find'" for the non-moving party. *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir.2001) (citing Fed.R.Civ.P. 50).
>
> Regardless of timing, however, in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence. The question before the district court regarding a motion for judgment as a matter of law remains whether the evidence is "legally sufficient to find for the party on that issue," Fed.R.Civ.P. 50(a)(1), regardless of whether the district court's analysis is undertaken before or after submitting the case to the jury. *See Cleveland v. Home Shopping Network, Inc.,* 369 F.3d 1189, 1192 (11th Cir.2004) (stating that judgment as a matter of law should only be granted "when there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue"); *Arthur Pew Constr. Co. v. Lipscomb,* 965 F.2d 1559, 1563 (11th Cir.1992) (stating that the "usual inquiry" under Rule 50 is "sufficiency, i.e. whether the evidence was sufficient to submit [the issue] to the jury"); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2537 (2d ed.1995) (stating that "[t]he standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion [under 50(a)]"). Accordingly, we have stated that **in ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence**. *See Lipphardt,* 267 F.3d at 1186 (citation omitted); *Arthur Pew,* 965 F.2d at 1563.
>
> ***
>
> The fact that Rule 50(b) uses the word "renew[ed]" makes clear that a Rule 50(b) motion should be decided in the same way it would have been decided prior to the

---

remains for the district court to assess damages or adjudicate other claims for relief'); *O. Hommel Co. v. Ferro Corp.,* 659 F.2d 340, 353 (3d Cir.1981) (holding that the term 'judgment' in Rule 50(b) is limited to *final* judgments) ...; *Warner v. Rossignol,* 513 F.2d 678, 684 n. 3 (1st Cir.1975) (rejecting in a bifurcated trial 'plaintiff's contention that a new trial motion with respect to liability had to be filed within ten days of entry of the interlocutory judgment ... [because] '[t]he judgment' referred to in [Rule 59(b)] is the final judgment that will be entered after damages are assessed[]"); Rand-Whitney Containerboard Ltd. P'p v. Town of Montville, 2004 WL 2472277, *4 (D. Conn. Sept. 20, 2004) ("immediate entry of judgment after a verdict is not appropriate when some claims have yet to be adjudicated ... entry of a partial judgment is not permitted, unless there is 'no just reason for delay' and by an order of the court ... the court reserved on several claims that have yet to be decided ... In this bifurcated case, plaintiff's renewed motion was made at the appropriate time, after the jury returned its verdict on liability and before the second stage of the trial on damages[]").

jury's verdict, and that the jury's particular findings are not germane to the legal analysis. *See, e.g., Celebrity Cruises,* 394 F.3d at 903 ("This Court repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury."); *Caban–Wheeler v. Elsea,* 71 F.3d 837, 842 (11th Cir.1996) (stating that a Rule 50(b) motion "may be used to renew consideration of issues initially raised in a pre-verdict motion [under Rule 50(a)]," but that the court cannot consider matters not raised in the initial motion). The jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial.

Under Rule 50, if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue, the court may ... grant a motion for judgment as a matter of law ...." Fed.R.Civ.P. 50(a). That standard then guides whether to grant or deny a Rule 50(b) renewed motion for judgment as a matter of law. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735, 744 (11th Cir. 2020) (citing Proctor v. Fluor Enterprises, Inc., 494 F.3d 1337, 1347 n. 5 (11th Cir. 2007) ("[j]udgment as a matter of law is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." *Id.* (quotation marks omitted). If there is a substantial conflict in the evidence, such that reasonable and fair-minded persons exercising impartial judgment might reach different conclusions, the district court must deny the motion. *Id.*"). The court "affirm[]s the jury's verdict unless there is no legal basis upon which the jury could have found" for the plaintiff. Telecom Technical Services, Inc. v. Rolm Co., 388 F.3d 820, 830 (11th Cir. 2004). The court may not engage in "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" -- those are the functions of the jury. Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 150 (2000). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Id. "It is not the function of the Court to make credibility or factual

4

determinations under the guise of Rule 50 review[]" and "[i]f there are conflicting inferences that can be drawn from [the] evidence, it is not the court's role to pick the better one." Peer v. Lewis, 2008 WL 2047978 (S.D. Fla. May 13, 2008). Instead, the Court "must draw all reasonable factual inferences in favor of the nonmoving party." Jackson v. State of Alabama State Tenure Com'n, 405 F.3d 1276, 1281 (11th Cir. 2005).

With this standard of review in mind, the Court turns to ASIC's contentions. ASIC argues that "[t]he evidence submitted at trial, considered as a whole and giving Yaring's the benefit of all reasonable inferences, failed to provide a legally sufficient basis for a reasonable jury to find in Yaring's favor on its breach of contract claim. ASIC presented undisputed evidence that (i) Yaring's itself and/or its insurance agent Thames Batre, misrepresented and concealed material facts when procuring its insurance policy ... which entitled ASIC to void coverage under the terms of the Policy and federal law, and (ii) Yaring's materially violated the Policy's Passenger Warranty, rendering the Policy void under the terms of the Policy and Alabama law." (Doc. 169 at 2). Specifically, "undisputed testimony and evidence" at trial established that Yaring's misrepresentation and concealment of the loss was material and that "[b]ased on ... uncontested evidence that the existence of the loss event was material, the Court should rule that the Policy is void." (Id. at 3, 6). Additionally, ASIC contends that "undisputed testimony and evidence" established that Yaring's breach of the passenger warranty increased the risk of loss and was material, which voids the policy, and "the only evidence presented at trial was that the number of passengers on board a vessel directly impacts the risk of loss[]" and based on this "undisputed evidence ... the Court should rule that the Policy is void." (Id. at 6-7). Per ASIC, "[t]he evidence is so overwhelmingly in favor of ASIC that a reasonable jury, i.e., one not influenced by apparent sympathy for the Joneses and distaste for insurance companies, could not arrive at a contrary

verdict." (Id. at 8). In support, ASIC submits what appears to be *the entirety* of the jury trial testimony of Rodney Jones, Laurie Jones, Taylor Beville, Mary Lichlyter, and Paul Greenaway. (Doc. 170 (347 pages of Trial Transcript)) without any specific citations to same (instead, basically summarizing select portions of testimony and relying on the Court to scour hundreds of pages to find support for its motion). ASIC's only specific citations to the trial record are to 46 pages from the Trial Exhibit Lists. (Doc. 159 at 26-27, 33, 57-71 (Yaring's Tr. Exs); Doc. 160 at 2-3, 7-9, 12-16, 21-22, 33-35, 42, 45, 55-61, 69-71, 83-84 (ASIC's Tr. Exs.)).

At the outset, despite ASIC's repeated characterizations, the evidence and testimony were <u>not</u> undisputed, uncontested, and/or unrefuted. Rather, the jury heard testimony from both ASIC and from Yaring's as to how the insurance policy was formed, what information was requested and/or submitted in procuring and/or issuing the policy, how many passengers the vessel carried at the time of the incident, what was communicated (or not) about the loss, and more. *Both sides' differing versions of events* were presented at trial and submitted to the jury for their consideration. The evidence favoring ASIC was *not* so one-sided as to be of overwhelming effect. <u>Middlebrooks v. Hillcrest Foods Inc.</u>, 256 F.3d 1241, 1246 (11th Cir. 2001). Instead, the evidence was *sufficient* to submit the contractual issue to the jury. The jury then -- as the finders of fact -- were free to weigh for themselves the credibility of each testifying trial witness and each evidentiary submission to make their own determinations. The result of that process is that the evidence and testimony the jury found credible led them to conclude that ASIC breached the insurance policy contract with Yaring's. Moreover, there was sufficient conflicting evidence at trial such that "reasonable and fair-minded persons" exercising impartial judgment *might* reach different conclusions, meaning the Court "must deny the motion." Thus, the verdict was supported by *sufficient* evidence and the Court cannot conclude that "there is *no* legally sufficient evidentiary basis" for same.

Upon consideration, ASIC has not established there was <u>no</u> legally sufficient evidentiary basis for a reasonable jury to find for Yaring's on a material element of its breach of contract claim. "The jury evidently credited ... [Yaring's] evidence because it returned a verdict for ... [Yaring's].... Given the evidence presented, we hold that the jury verdict is reasonable." <u>Telecom</u>, 388 F.3d at 830. As such, it is **ORDERED** that ASIC's motion (Doc. 169) is **DENIED.**

**DONE** and **ORDERED** this the **15th** day of **February 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**